MOORE, Chief Justice
(concurring in part and dissenting in part).
I respectfully dissent from Part III.B of the majority opinion; I concur with the remainder of the opinion. I do not believe the trial court erred by rejecting the daughters’ claim that the personal representatives should pay interest on the compensation they had paid themselves without prior court approval.
The majority quotes Ruttenberg v. Friedman, 97 So.3d 114, 134-35 (Ala.2012), for the proposition that “ ‘any error in the prior payment of [a personal representative’s] fees for ordinary services without prior court approval is moot’ ” once the court “ ‘issue[s] its final award, after taking into consideration the statutory factors’ ” for making such an award. 195 So.3d at 940 (emphasis omitted). The Court in Ruttenberg did not specifically discuss whether personal representatives who pay themselves compensation from the estate without prior court approval must, as a consequence, pay interest on that compensation to the estate. However, by upholding the “ultimate fee approved by the probate court,” 97 So.3d at 135, and by stating that “any error was remedied when the probate court issued its final award,” 97 So.3d at 134, Rutten-berg implies that the personal representative in that case was relieved of any legal consequences he would have suffered under § 43-2-844(7), Ala.Code 1975, for failing to obtain court approval before paying himself from the estate. In other words, not only the payment itself, but also the interest accrued thereon, became moot. Any attempt to extend Ruttenberg to the present case must reach the same result: The issue regarding interest on the compensation the personal representatives paid themselves from the estate became moot when the circuit court approved the compensation. If the Court does not like that result, it must overrule Ruttenberg.